POYDOCK et ux. v. ADAMS TRANSFER & STORAGE CO. (PITTSBURGH RYS. CO., Third-Party Defendant).

Civil Action No. 2100.

District Court, W. D. Pennsylvania.

Aug. 23, 1943.

Margiotti, Pugliese & Casey, of Pittsburgh, Pa., for plaintiffs.

Dickie, Robinson & McCamey, of Pittsburgh, Pa., for defendant.

Thomas Lewis Jones, of Pittsburgh, Pa., for third-party defendant.

GIBSON, District Judge.

Growing out of a collision at the intersection of two much-traveled streets in Pittsburgh, this case was tried at the same time as Henry Poydock, a minor, by Joseph Poydock, his Guardian, and Joseph Poydock, in His Own Right, v. Adams Transfer & Storage Company, No. 2101 Civil Action, [1] and Joseph Poydock, Administrator of Richard Poydock, deceased, v. Adams Transfer & Storage Company, D.C., No. 2197 Civil Action, 51 F.Supp. 374.

The jury's verdict was in favor of the defendant in the case at No. 2101, and that case calls for no consideration here.

In the case at No. 2100, Joseph Poydock et al. v. Adams Transfer & Storage Company, the verdict was for plaintiffs in the amount of $20,000, and the defendant has moved for a new trial on the ground, inter alia, that the verdict was grossly excessive. In the case brought by Joseph Poydock, administrator of Richard Poydock, the verdict was in favor of the plaintiff in the amount of "none". In the latter case counsel for the plaintiff have urged the court, in substance, to mold the verdict, or to allow the verdict in favor of the parents to stand on the ground that the amount, if apportioned between the suit of the parents and that of the administrator is not excessive, and in event of rejection of this position by the court has moved for a new trial.

While the suit of the parents and that of the administrator were tried together, it must not be forgotten that each suit was distinct and separate from the other. Were the court to undertake to consolidate the cases, or mold a verdict in each, it would be assuming the function of the jury. Certainly it cannot assume that the verdict in the parents' case was a consolidation of the two cases by the jury. The basis of the right of an administrator to recover is distinct from that of the right of parents. Whatever the jury might possibly have thought, this court cannot proceed upon the theory that they were identical. It will

---

[1] No opinion for publication.

therefore consider each verdict as distinct from the other.

In the suit of the parents, No. 2100 Civil Action, the direct expenses to plaintiffs consisted of funeral expenses amounting to $571.03, and an unstated amount for medical and hospital expenses. In view of the fact that Richard Poydock died within about an hour after being taken to the hospital, the unstated expense must have been small. Plaintiffs, in addition to their direct expenses, claimed expected contributions had the life of the deceased continued. It will be noted that these contributions were "expected", and not required or certain. The parents were not dependent upon their son, and the deceased had reached the age of twenty-one years. Under these circumstances no court order would require payments to the parents. The basis of the claim of expectation of contributions was largely in imagination. The deceased had been a ball player in a small minor baseball league and, according to the not too satisfactory testimony of his family, had earned about $140 per month for the five-month season, of which amount he had sent one-third home; but during the seven months interval between seasons he had lived with his parents at their expense without performance of any particular duties. During two of the three seasons he had been a minor, but had reached his majority before the last season. With such an intangible foundation the contributions to be expected would amount to little or nothing. Deceased might have been taken from his parents' home by marriage, or by still more probable induction into the military service; but even if contributions were to be assumed for the natural duration of the parents' lives, about fifteen years, the amounts received would be far from the $20,000 awarded.

The verdict is so excessive that it cannot be allowed to stand. Because the instant case is so closely connected with the case of Joseph Poydock, Administrator of Richard Poydock v. Adams Transfer & Storage Company, D.C., 51 F.Supp. 374, the court will set aside the verdict and grant a new trial rather than give the plaintiffs the privilege of accepting a judgment of an amount less than that of the verdict.

And now, upon motion of Adams Transfer & Storage Company, defendant, the verdict in the above entitled action is hereby vacated and set aside, and a new trial ordered.